UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. MARSHALS SERVICE, et al.,<br><br>    Defendants. | No. 2:14-cv-2075 CKD P<br><br><br>ORDER |

I. Introduction

    Plaintiff is a federal pretrial detainee housed at the Sacramento County Main Jail and proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III. Allegations

Plaintiff alleges that, while in jail, he requested a "'halal diet' as per his religious requirement [as] a practicing Muslim." Defendant Toliver, the Director of Correctional Ministries, directed Kitchen Services to serve plaintiff a halal diet. Plaintiff complains that this halal diet is repetitive, does not include meat, is not heated, contains pork products, and is not prepared by a Muslim vendor. (ECF No. 1 at 5.) In contrast, the kosher diet provided for Jewish inmates is prepared by a Jewish vendor, includes meat, fresh vegetables and juices, and is more varied than the halal diet. (Id.) Toliver informed plaintiff that "due to budget restraints, [he] can't get [a] 'halal meat diet.'" Plaintiff alleges that the Jewish kosher diet is not similarly limited by budget restraints. (Id. at 5-6.)

Plaintiff further alleges that jail officials have failed to provide him several religious items and do not allow him to come out of his cell five times a day to pray. (Id. at 7.) Plaintiff attaches an inmate grievance in which defendant Toliver responds to these requests. (Id. at 15-19.) Plaintiff asserts that Toliver and defendant Jail Superintendent Andris favor Christian and Jewish inmates, who are allowed to come out of their cell for prayers and bible study; are permitted prayer beads and caps; and have many religious books available to them. (Id. at 5-8.)

Plaintiff alleges that defendants have violated his First Amendment religious rights, his Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Id. at 1.) He does not seek money damages, but seeks injunctive relief in the form of "a halal meat diet, prepared by [a] Muslim vendor." He also seeks an order directing jail officials to supply him with certain religious items, including a prayer cap, prayer beads, and Islamic books. (Id. at 7-9.)

IV. Analysis

The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

3

A. <u>First Amendment</u>

1. <u>Free Exercise</u>

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." <u>Turner v. Safley</u>, 482 U.S. 78, 84 (1987). Among the rights prisoners possess is the right to the free exercise of religion, subject to limitations justified by the considerations underlying our penal system. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987).

To merit protection under the free exercise clause of the First Amendment, a religious claim must satisfy two criteria. "First, the claimant's proffered belief must be sincerely held." <u>Malik v. Brown</u>, 16 F.3d 330, 333 (9th Cir. 1994) (citations omitted). Second, "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." <u>Id.</u> (citations omitted). Determining whether a claim is "rooted in religious belief" requires analyzing whether the plaintiff's claim is related to his sincerely held religious belief. <u>Id.</u> (citations omitted). <u>See</u> <u>Shakur v. Schiriro</u>, 514 F.3d 878, 885 (9th Cir. 2008) (proper focus of free exercise analysis of diet request is whether inmate "sincerely believes eating kosher meat is consistent with his faith.")

Here, jail officials provided plaintiff with a vegetarian halal diet. Plaintiff does not claim this diet is not halal[1], though he asserts that it is "not gluten free (as required in Muslim religion)" and that certain foods contain "pork and its byproduct." (ECF No. 1 at 5.) While certain of plaintiff's complaints about the diet appear purely secular (e.g., requesting hot meals with a variety of foods), others may be "rooted in sincere religious beliefs" (e.g., requesting preparation by a Muslim vendor).

Jail officials also supplied plaintiff with a Quran, but denied extra clothes for prayers, release from his cell at certain time for prayer, a prayer rug, prayer beads, "halal toothpaste," a special toothbrush, Iman-assisted prayer, prayer oils, a prayer cap, and "books on the life of the Prophet Mohammad." (ECF No. 1 at 15-16.)

/////

---

[1] Nor does plaintiff explain what makes a diet "halal" as a matter of sincere religious belief.

4

Liberally construing the complaint, the court determines that plaintiff's allegations concerning his diet and requested religious items implicate the free exercise clause. This claim may proceed against defendant Toliver, who addressed plaintiff's requests, and against defendant Andris in his official capacity as the Jail Superintendent.[2]

2. Establishment Clause

The Establishment Clause, applicable to state action by incorporation through the Fourteenth Amendment, states that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. The clause "means at least" that "[n]either a state nor the Federal Government . . . can pass laws which aid one religion, aid all religions, or prefer one religion over another." Everson v. Board of Ed. Of Ewing Tp., 330 U.S. 1, 15 (1947).

In Hartmann v. California Dept. of Corrections and Rehabilitation, 707 F.3d 1114, 1126 (9th Cir. 2013), the Ninth Circuit determined that Wiccan inmates stated an Establishment Clause claim where, "[u]nlike Plaintiffs' claims that the [prison chaplain] Policy deprives them of a 'reasonable opportunity' to practice their religion and imposes a 'substantial burden' on their religious exercise, their Establishment Clause claim asserts that the Policy constitutes an unconstitutional endorsement of one religion over another."

Here, liberally construed, the complaint states an Establishment Clause claim as to the allegedly preferential treatment of Jewish and Christian inmates. As above, this claim may proceed against defendant Toliver in his individual capacity and against defendant Andris in his official capacity.

/////

/////

---

[2] An official-capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n. 55 (1978)). A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Hartmann v. California Dept. of Corrections and Rehabilitation, 707 F.3d 1114, 1127 (9th Cir. 2013) (quoting Graham, 473 U.S. at 166). Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief. Id. (quoting L.A. Cnty. v. Humphries, 562 U.S. 29 460 (2010)).

B. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008), quoting Cruz v. Beto, 405 U.S. 319, 321–22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321–22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Here, plaintiff has not alleged facts sufficient to show that any defendant intentionally discriminated against him as a Muslim. Rather, the complaint and attached documents show that plaintiff was provided a halal diet and a Quran upon request, and that jail officials were attempting "to recruit an Imam for visitation." (ECF No. 1 at 15.) While certain of plaintiff's requests were denied, nothing in the complaint suggests a discriminatory motive. Thus, plaintiff fails to state an equal protection claim.

C. RLUIPA

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009). RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under Turner." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008). "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Warsoldier, 418 F.3d at 995.

Here, plaintiff has not alleged facts showing that his jail-provided diet or lack of certain items "substantially burdens" his religious practice. Thus he does not state a RLUIPA claim.

/////

V. <u>Leave to Amend</u>

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) will be granted;

2. Plaintiff's claims against the following defendants are dismissed with leave to amend: U.S. Marshals Service, Sacramento County Main Jail Superintendent, and Director of Food Services;

3. In addition, plaintiff's Equal Protection and RLUIPA claims against defendants Toliver and Andris are dismissed with leave to amend;

4. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

5. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

6. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: December 1, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mehm2075.1new_2