UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,  Plaintiff,  v.  U.S. MARSHALS SERVICE et al.,  Defendants. | No.  2:14-cv-2075 CKD P  ORDER |

Plaintiff, a federal pretrial detainee, was recently transferred from the Sacramento County Main Jail to the Wayne Brown Correctional Facility in Nevada City, California.  Prior to his transfer, the court ordered service of plaintiff's First Amended Complaint (FAC) on two Sacramento jail officials, Andris and Toliver.  (ECF No. 9.)  Both are sued in their official capacity for injunctive relief only.  (See id.)

Plaintiff has filed a motion to "amend the relief" sought in the FAC.  (ECF No. 10.)  In addition to injunctive relief, he would like to seek compensatory damages for the weight loss and "mental and emotional injuries" he suffered as a result of his jail-provided diet.  (Id.)  In fact, as a result of his transfer, his request for injunctive relief against Andris and Toliver is moot. Generally, when an inmate seeks injunctive or declaratory relief concerning the prison where he

1

is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Under Local Rule 220, plaintiff cannot amend the FAC by simply "tacking on" a new type of relief. Thus the court will deny plaintiff's motion. However, given his changed circumstances, he may file an amended complaint for screening.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend relief (ECF No. 10) is denied;

2. Plaintiff's motion to appoint counsel (ECF No. 11) is denied; and

3. Within thirty days from the date of this order, plaintiff may file a Second Amended Complaint.

Dated: March 12, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mehm2075.ord