UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, | No. 2:14-cv-2075 CKD P |
| Plaintiff, | |
| v. | ORDER |
| U.S. MARSHALS SERVICE, et al., | |
| Defendants. | |

Plaintiff is a federal pretrial detainee proceeding pro se and in forma pauperis. He commenced this action in September 2014. Plaintiff's Second Amended Complaint is before the court for screening. (ECF No. 32.)

In the SAC, plaintiff names numerous individual and agency defendants at the federal, state, and county level. His asserted claims include breach of contract, violations of his religious rights over a two-year period, violation of the False Claims Act, misuse of inmate trust funds, medical malpractice, and health care fraud. Along with monetary damages, he seeks injunctive relief against the United States Marshals and the Sacramento County Main Jail, where he is no longer housed. (ECF No. 32 at 76-82.) See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (inmate's claims for injunctive relief concerning the prison where he is housed are moot when he is no longer subjected to those conditions). He also seeks a court-appointed Special Master, federal health inspectors, and a Bureau of Prisons Imam, among other relief. (Id.)

1     Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See
2 Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set forth (1) the
3 grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
4 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only
5 "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever
6 v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action
7 are present, but are scattered throughout the complaint and are not organized into a "short and
8 plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v.
9 Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Here, the SAC does not meet the Rule 8 pleading
10 requirements.

11     Also, the SAC attempts to bring numerous unrelated claims in a single action.  Fed. R.
12 Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim,
13 cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many
14 claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple
15 claims against a single party are fine, but Claim A against Defendant 1 should not be joined with
16 unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
17 "Unrelated claims against different defendants belong in different suits[.]"  Id.

18     For the foregoing reasons, the SAC must be dismissed.  As plaintiff's original complaint
19 was found to state First Amendment claims against jail administrator Toliver in his individual
20 capacity, plaintiff will have one final opportunity to amend.[1]  (ECF No. 5 at 5.)  To state a § 1983
21 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of
22 "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others
23 which the actor [knew] or reasonably should [have known] would cause others to inflict the
24 constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743–744 (9th. Cir. 1978).

25     In accordance with the above, IT IS HEREBY ORDERED that:
26     1. The Second Amended Complaint (ECF No. 32) is dismissed; and

---

[1] As plaintiff is no longer housed at the Sacramento jail, any claims for injunctive relief against jail officials in their official capacity are moot.

2

2. Plaintiff is granted thirty days from the date of service of this order to file a Third Amended Complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated:  August 21, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mehm2075.SAC